**In the United States Bankruptcy Court**
**For the Western District of Oklahoma**

| | | |
|---|---|---|
| In re:   Janet Sue Sharpe, | ) | Case No. 14-14210 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Judge Janice Loyd |
| _____ | ) | |
| | ) | |
| Janet Sue Sharpe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| U.S. Bank National Association, and | ) | |
| | ) | |
| Nationstar Mortgage, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT TO REIMPOSE**
**AUTOMATIC STAY AS AGAINST U.S. BANK NATIONAL ASSOCIATION**

Janet Sue Sharpe, Debtor in the above captioned Chapter 13 Bankruptcy proceeding and Plaintiff herein, file this Complaint against U.S. Bank National Association ("U.S. Bank") and Nationstar Mortgage, LLC ("Nationstar"), and in support thereof, states as follows:

**Nature of the Action**

1. This complaint seeks for an order from the Court to reimpose the automatic stay provided to the Debtor under 11 U.S.C. § 362 through the Court's broad powers provided by 11 U.S.C. § 105(a).

2. This complaint also seeks the imposition of a Temporary Restraining Order, issued against U.S. Bank and Nationstar, pursuant to Fed. R. Civ. P. 65(b); and then the imposition of a Preliminary Injunction after notice to the Defendant and an expedited hearing, pursuant to Fed. R. Civ. P. 65(a).

**Jurisdiction, Venue, and Parties**

3. The Plaintiff filed her Chapter 13 Petition on October 8, 2014.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

7. Plaintiff is an individual debtor who is currently in a Chapter 13 Bankruptcy Case.

8. Defendant, U.S. Bank, is an insured depository institution as defined in Section 3 of the Federal Deposit Insurance Act.

9. Defendant, Nationstar, is a foreign limited liability company operating in the state of Oklahoma, which has provided Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159, as its registered agent for service of process in the state of Oklahoma, per the records of the Oklahoma Secretary of State.

10. Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

**Factual Allegations**

11. Plaintiff filed her Chapter 13 Petition on October 8, 2014.

12. Plaintiff filed her Chapter 13 Petition to receive protection from a foreclosure action being prosecuted against her primary residence by Nationstar in Oklahoma County Case No. CJ-2013-3368.

13. Plaintiff listed Nationstar as a secured creditor on Schedule D and noted the amount of the debt was disputed.

14. Nationstar received notification of the bankruptcy filing and a copy of the Plaintiff's proposed Chapter 13 Plan on or about October 11, 2014 according to Certificates of Notice filed as Documents No. 9 and 10.

15. To the best of Plaintiff's knowledge, Nationstar was the party entitled to enforce the note secured by a mortgage on Debtor's personal residence.

16. The note and mortgage matured on January 1, 2017, and therefore Plaintiff proposed to pay the remainder of the mortgage obligation in full over sixty months of the Chapter 13 Plan.

17. The Order Confirming Chapter 13 Plan entered on December 16, 2014 (Doc. 22) provided Plaintiff would pay Nationstar a principal of $20,468.00 at 8% interest by making sixty monthly payments of $482.82.

18. Plaintiff disputed the amount owed to Nationstar but determined the best course was to wait until the proof of claim was filed by Nationstar to obtain a ruling from the Court as to the proper amount to be paid.

19. On February 5, 2015, U.S. Bank National Association filed Claim No. 6, affirming it held a note and/or mortgage on Plaintiff's personal residence.

20. U.S. Bank claimed it was owed a total of $31,172.76 per Claim No. 6.

21. As Plaintiff disputed the amount of the debt owed, Plaintiff filed her Amended Objection to Claim No. 6, etc. on March 13, 2015 (Doc. 33), and informed the Court she believed the proper amount of the debt owed was closer to $12,000.00, as she believed payments she had made to Nationstar had been improperly applied.

22. Plaintiff's counsel served the objection on the party listed to receive notices on Claim No. 6 and the President of U.S. Bank, National Association via certified U.S. Mail.

23. No party filed any response to Plaintiff's Amended Objection to Claim No. 6, etc.

24. Accordingly, the Court entered an Order Sustaining Debtor's Amended Objection to Claim No. 6 on April 10, 2015 (Doc. 37), wherein the Court disallowed U.S. Bank's claim "to the extent [it] requires an amount necessary to pay the claim in full and satisfy the mortgage exceeding $12,000.00."

25. Plaintiff has faithfully made all her Chapter 13 Plan payments in the current bankruptcy case.

26. From November 2014 to February 2017, U.S. Bank received and accepted over $10,810.67 in payment from the Plaintiff through the Chapter 13 Trustee's Office.

27. On January 17, 2017, U.S. Bank filed a Motion for Relief from Stay, etc. (Doc. 46) acknowledging Plaintiff objected to its Claim No. 6 and obtained an order sustaining said objection but stating there arguably had to be arrearage at the time the bankruptcy was filed. *See* Doc. 46, ¶6.

28. Plaintiff never disputed there was arrearage on her mortgage, however because the note and mortgage matured during the pendency of the Chapter 13, she proposed to pay the entire remaining balance on her mortgage during the Chapter 13 Plan.

29. Due to Plaintiff's counsel's mistake, Plaintiff did not object to U.S. Bank's Motion for Relief from Stay, and according the Court entered an Order Granting U.S. Bank relief from the stay on February 2, 2017 (Doc. 47).

30. Plaintiff's counsel did not realize this mistake until Plaintiff received notice that her house was going to be sold at sheriff's sale by Nationstar, which was set for sale on September 20, 2018.

31. Plaintiff has been informed Nationstar believes the payoff on the current mortgage is now over $30,000.00.

32. Plaintiff still has concerns with the application of her payments by Nationstar to the note/mortgage secured by her principal residence.

33. Plaintiff's principal residence was auctioned by the Oklahoma County Sheriff on September 20, 2018, with the highest bid being for $70,500, which was an amount above the 2/3 of the appraised value of the home, $95,000.00.

34. Nationstar filed a Motion to Confirm Sale on September 20, 2018, and the hearing of which has ultimately been set for November 2, 2018, at 11:00 AM with the Oklahoma County District Court.

35. Despite Plaintiff's concerns with how payments have been applied to the note/mortgage (whether by Nationstar or U.S. Bank), Plaintiff is willing and believes she is able to obtain financing from a third party, with approval from the Court, to refinance her remaining obligation on the note/mortgage securing her principal residence.

36. Plaintiff's principal residence was appraised at $95,000.00 in the state court foreclosure case, yet only has a secured debt between $30,000.00 to $35,0000.00, leaving Plaintiff somewhere around $60,000.00 of equity in her home.

37. Further, Plaintiff's personal residence is where she lives and has lived for over a decade. Plaintiff needs her home for a place to live and to obtain a fresh start from the bankruptcy case.

38. The debt to value ration of the note/mortgage to the home is almost 1/3.

39. There is more than enough value in the home to ensure U.S. Bank is adequately protected for the foreseeable future.

40. Further, Plaintiff is willing to make monthly payments to the proper party, whether it be U.S. Bank or Nationstar, during any period the Court orders.

41. If the Court does not grant immediate injunctive relief to Plaintiff, her principal residence will be irrevocably transferred away from her by order of the state court on November 2, 2018 at 11:00 AM.

42. If Plaintiff's home is irrevocably transferred away from her on November 2, 2018, she will lose a large amount of equity in her home and will have nowhere to live, despite having faithfully made her payments in her Chapter 13.

43. Plaintiff is financially stable and believes her current financial health will allow her the ability to obtain third-party financing to refinance the note/mortgage and save her home, if she is only allowed the time to fully pursue that option.

44. If the Court does not grant immediate injunctive relief, the Plaintiff will be irreparably and immediately harmed.

45. Plaintiff's counsel certifies that he has spoken with Jim Timberlake, counsel for U.S. Bank in the current Chapter 13 case who is also counsel of record for Nationstar in the state foreclosure case, and that while Mr. Timberlake was not able to say for certain, he did not believe his client will agree to continuing the hearing on the motion to confirm sale in the state court foreclosure case and that his client would object to reimposition of the automatic say.

46. Plaintiff's counsel further certifies he believes a Temporary Restraining Order should be issued because U.S. Bank and Nationstar are unlikely agree to stop the foreclosure process at this time, and unless that process is stopped, Plaintiff will lose her home forever despite having faithfully made payment according to the terms of her Chapter 13 Plan.

47. Plaintiff has verified the contents of this Complaint and its allegations.

**Request for Injunctive Relief**

I.   *Request for Temporary Restraining Order to be Issued*

48. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

49. Section 105(a) grants the Court broad powers, which may include the reimposition the automatic stay.

50. As previously stated, Defendants are significantly oversecured in this matter, and they are in no danger of being substantially harmed or prejudiced by a delay in the state court foreclosure proceedings, as the collateral is worth almost three times the alleged payoff.

51. Plaintiff is respectfully requesting the Court to issue a Temporary Restraining Order to enjoin both Defendants from furthering the state court foreclosure proceedings in Oklahoma County Case No. CJ-2013-3368, to allow Plaintiff the opportunity work with Defendants to

determine the amount owed on the note/mortgage secured by her principal residence, and to seek third party financing to refinance that obligation so she may keep her home.

52. Plaintiff will not have those opportunities if the Defendants are allowed to continue the state court foreclosure proceedings at this time.

## II.   *Request for Preliminary Injunction*

53. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

54. Section 105(a) grants the Court broad powers, which may include the reimposition the automatic stay.

55. As previously stated, Defendants are significantly oversecured in this matter, and they are in no danger of being substantially harmed or prejudiced by a delay in the state court foreclosure proceedings, as the collateral is worth almost three times the alleged payoff.

56. Plaintiff is respectfully requesting the Court to issue a Preliminary Injunction to enjoin both Defendants from furthering the state court foreclosure proceedings in Oklahoma County Case No. CJ-2013-3368 until a trial on the merits can be held.

## III.   *Request for Reimposition of the Automatic Stay for a Period of 180 Days*

57. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

58. Section 105(a) grants the Court broad powers, which may include the reimposition the automatic stay.

59. As previously stated, Defendants are significantly oversecured in this matter, and they are in no danger of being substantially harmed or prejudiced by a delay in the state court foreclosure proceedings, as the collateral is worth almost three times the alleged payoff.

60. Plaintiff is respectfully requesting the Court to reimpose the automatic stay against both Defendants for a period of 180 days, to allow Plaintiff to seek and obtain third-party financing on the note/mortgage so that she may keep her home, the equity in her home, and continue to have somewhere to live, which is necessary to her successful reorganization.

**THEREFORE**, the Plaintiff prays that the Court enter an order that: (1) grants Plaintiff a Temporary Restraining to enjoin Defendants from furthering state court foreclosure proceedings against Plaintiff and her principal residence until a hearing on a Preliminary Injunction can be held; (2) grants Plaintiff a Preliminary Injunction to enjoin Defendants from furthering state court foreclosure proceedings against Plaintiff and her principal residence until a trial on the merits can be held; and (3) reimposes the automatic stay as to the Defendants for a period of 180 days to allow Plaintiff to seek third-party financing to refinance the note/mortgage to allow her to retain her principal residence and further the intent of her filing for protection under Chapter 13 of the Bankruptcy Code in this matter.

Dated this 25th day of October 2018

/s/ Joshua T. Copeland
Joshua T. Copeland – OBA No. 22532
Copeland Law
124 East Main Street
Norman, OK 73069
(405) 701-1994 – office
(405) 701-1960 – fax
josh@clawok.com
Attorney for Plaintiff/Debtor

## VERIFICATION

COUNTY OF CLEVELAND    )
                       )  ss.
STATE OF OKLAHOMA      )

Janet Sue Sharpe, being of lawful age, being first duly sworn upon oath states that she is the Debtor/Plaintiff in the above-named Complaint; that she has read the above and foregoing Complaint, knows the contents thereof, and that the facts therein set forth are true and correct to the best of her knowledge and belief.

_____
Janet Sue Sharpe

SUBSCRIBED AND SWORN to before me this 25th day of October 2018.

_____
NOTARY PUBLIC

(Seal)